## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RICHARD WARREN, ) <br> CHRISTOPHER LEATHERWOOD, and ) <br> DONALD WAGNER JR., ) <br> Individually and On Behalf of All ) <br> Others Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HORIZON SATELLITES, INC. d/b/a ) <br> HORIZON ENTERTAINMENT, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys of record, and hereby file this Complaint for damages against Defendant Horizon Satellites, Inc. (hereinafter "Horizon") or ("Defendant") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for overtime compensation and other relief on the grounds showing as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1), as Defendant has its registered agent in this District. Venue is also appropriate in this District pursuant to 29 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3.

Plaintiff Richard Warren ("Warren") is a former employee of Horizon Satellites, Inc., having been employed from on or about February, 2013 through December, 2015 as a technician.

4.

Plaintiff Christopher Leatherwood ("Leatherwood") is a former employee of Horizon Satellites, Inc., having been employed from on or about June, 2013 through on or about December, 2015 as a technician.

5.

Plaintiff Donald Wagner ("Wagner") is a former employee of Horizon Satellites, Inc., having been employed from on or about March, 2015 through

August, 2015 as a technician.

6.

Defendant Horizon Satellites, Inc. (herein referred to as "Horizon" or "Defendant") is a domestic corporation existing under the laws of the State of in Georgia. Defendant may be served with process via service on its registered agent, Chris Reynolds, 2487 Windchase Court Buford, Georgia 30518.

7.

Defendant is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFFS AND THE CLASS THEY REPRESENT

8.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendant who consent to the representation, pursuant to 29 U.S.C. § 216(b). Each individual Plaintiff's Consent to Become a Party Plaintiff in this FLSA Action is filed herewith as Exhibit "A."

9.

This action is brought by former and current employees of Defendant on behalf of all current and former employees who are or were employed by Defendant nationwide as technicians purportedly as independent contractors who

installed satellite television systems, and who were not paid overtime pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (herein referred to as "FLSA"), based upon Defendant's common policy of misclassifying them as independent contractors and failing to properly compensate them for overtime worked and earned in the manner stated herein.

10.

Plaintiffs and the class they represent were and/or are employees engaged in commerce by providing installation services on behalf of Defendant using parts and materials provided by Defendant sourced from outside the state of Georgia.

11.

Plaintiffs and the class they represent were and/or are employed by an enterprise engaged in commerce, i.e., a nationwide field services provider doing business in many states as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.

Plaintiffs and the class they represent were and/or are an "employee[s]" of Defendant as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

Defendant is primarily engaged in providing wholesale field services to

customers in many states.

14.

In 2013, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

In 2014, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

In 2015, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

Defendant was or is the "employer" of Plaintiffs and the class they represent as defined in FLSA § 3(d), 29 U.S.C. §203(d).

18.

Defendant improperly classified Plaintiffs and the class they represent as

independent contractors and not employees, pursuant to Defendant's scheme to avoid paying overtime pay as required by the FLSA.

19.

In reality, Plaintiffs and the class they represent were employees and not independent contractors.

20.

Defendant controlled the work done by Plaintiffs and the class they represent by deciding what work must be done, when it must be done, where it must be done, and how the work must be done.

21.

Defendant determined that Plaintiffs and the class they represent would be compensated in the form of a changing rate of pay for the work performed based on the type of job, with the rates set by Defendant. Therefore, there was no opportunity for profit or loss on behalf of Plaintiffs and the class they represent.

22.

Defendant controlled the equipment and materials used by Plaintiffs and the class they represent and which were necessary for accomplishing the work.

23.

For example, Defendant required Plaintiffs and the class they represent to use a white colored work vehicle.

24.

Defendants required Plaintiffs and the class they represent to acquire specific magnetic signs for their vehicles that in no way indicated that the individual driving the vehicle was a self-employed independent contractor.

25.

Defendants required Plaintiff and the class they represent wear a specific uniform that did not in any way indicate the individual wearing the uniform was a self-employed independent contractor.

26.

Plaintiffs and the class they represent had no investment in any aspect of the Defendant's business.

27.

There was no actual or potential return on investment for the Plaintiffs and the class they represent.

28.

Defendant provided Plaintiffs and the class they represent with all the ancillary business services required for Plaintiffs to perform their jobs such as billing and payroll.

29.

Plaintiffs and the class they represent were not required to have any special skills or training before being employed by Defendant.

30.

Plaintiffs and the class they represent were given training on how to interact with customers.

31.

The working relationship between Defendant and each of the Plaintiffs, and each member of the class they represent, was not for a fixed and definite time period, and it was not terminated upon completion of a work project.

32.

Instead, the working relationship continued indefinitely until either Defendant, or each Plaintiff and each member of the class they represent, decided to end the relationship.

33.

Defendants required Plaintiffs and the class they represent get permission before hiring any employees of their own to help them with their work.

34.

Defendant required Plaintiffs and the class they represent to run a background check on any potential employee using a company specified by Defendant.

35.

Defendant had the right to refuse to accept the hiring of the person selected by Plaintiffs and the class they represent to be an employee of Plaintiffs and the class they represent.

35.

The work done by Plaintiffs and the class they represent was an integral and essential part of Defendant's business.

36.

Defendant's primary business was providing wholesale field services and Plaintiffs and the class they represent performed those field services on behalf of Defendant.

37.

The work performed for Defendant by Plaintiffs and the class they represent was their only means of livelihood.

38.

The purported "independent contractor agreement" was created and imposed upon Plaintiffs and the class they represent by Defendant unilaterally.

39.

Plaintiffs and the class they represent were not allowed to modify or negotiate any of the terms of the purported "independent contractor agreement".

40.

The "economic reality" of the relationship between Defendant and each Plaintiff, and each member of the class they represent, as manifested by all the incidents of employment, reflect an employer-employee relationship.

41.

All of Defendant's pay records for Plaintiffs and the class they represent reflect that Plaintiffs and the class they represent were paid by the job and were not salaried employees.

42.

Throughout Plaintiffs' employment with Defendant, and the employment of each member of the class they represent, each routinely worked in excess of forty (40) hours per week.

43.

Plaintiffs and the class they represent would work many hours of which Defendant was aware, for which they received no compensation from Defendant.

44.

For example, Plaintiffs and the class they represent would organize and restock the inventory in their work vehicle and were not compensated for spending the time required to do so.

45.

Defendant knew or should have known Plaintiffs and the class they represent were working hours for which they were not compensated.

46.

Plaintiffs and the class they represent were not subject to any exemption from the overtime pay requirements of the FLSA.

47.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

48.

Plaintiffs and each member of the class they represent are required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given pay period.

49.

Defendant knew or should have known that the FLSA applied to Plaintiffs and the class they represent.

50.

Upon information and belief, in failing or refusing to pay Plaintiffs and the class they represent overtime as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the class members were not entitled to overtime.

51.

Upon information and belief, in failing or refusing to pay Plaintiffs and the

class they represent overtime as required by the FLSA, Defendant has not relied on any legal advice indicating that such practice was permitted under the FLSA.

52.

Defendant has refused to adequately compensate Plaintiffs and the class they represent for work in excess of forty hours per pay period, at the rates required by law, and have willfully refused to rectify the situation.

53.

Defendant is liable to Plaintiffs and to each member of the class they represent for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

54.

Defendant's conduct constitute willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiffs and the class they represent to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF

### COUNT ONE:  VIOLATION OF 29 U.S.C. § 207, § 215 AND § 216

55.

Paragraphs 1 through 54 are incorporated herein by this reference.

56.

Defendant's failure to compensate Plaintiffs and the class they represent for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

### COUNT TWO: FRAUDULENT FILING OF TAX INFORMATION RETURNS PURSUANT TO 26 U.S.C. § 7434

57.

Paragraphs 1 through 56 are incorporated herein by this reference.

58.

At all times material hereto, the economic realities of the work relationship between Plaintiffs/Opt-In Plaintff and Defendant reveal Plaintiffs/Opt-In Plaintiffs to have been employees of Defendant.

59.

Defendant has fraudulently misclassified each Plaintiff/Opt-In Plaintiff as an independent contractor.

60.

In 2012, 2013, 2014, 2015 and 2016, Defendants willfully filed Forms 1099-MISC with the Internal Revenue Service categorizing certain monies paid to each Plaintiff/Opt-In Plaintiff in calendar years in which they worked as nonemployee compensation.

61.

Defendants' classification of each Plaintiff's/Opt-In Plaintiff's income as nonemployee compensation in the Forms 1099-MISC was knowingly false and fraudulent.

62.

Defendants' fraudulently misclassified each Plaintiff's/Opt-In Plaintiff's

income as nonemployee compensation for Defendants' own wrongful enrichment.

**WHEREFORE**, Plaintiffs request that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(f) Award each Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(g) Award each member of the class Plaintiffs represent proper payment for each overtime hour worked in the three years preceding each class

member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(h) Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

(i) Award Plaintiffs and each member of the class they represent nominal damages;

(j) Award each Plaintiff and each member of the class they represent their reasonable attorneys' fees and costs of litigation; and

(k) Find that Defendant has violated 26 U.S.C. § 7434 by willfully filing fraudulent tax information returns with respect to each Plaintiff's and Opt-In Plaintiff's earnings during each year it filed a Form 1099-MISC for that Plaintiff or Opt-in Plaintiff;

(l) Award each Plaintiff and Opt-In Plaintiff no less than $5,000 for each fraudulent tax information return filed with respect to each Plaintiff's and Opt-In Plaintiff's earnings during the relevant time period against Defendant;

(m) Award each Plaintiff and Opt-In Plaintiff his/her reasonable attorneys'

fees and costs of litigation pursuant to 26 U.S.C. § 7434 against Defendant; and

(n) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 31st day of May 2016.

/s/ Benjamin B. Kandy
Benjamin B. Kandy
Georgia Bar No. 765357

THE LAW OFFICE OF BENJAMIN B. KANDY LLC
534 Medlock Road, Suite 109
Decatur, Georgia 30030
(678) 824-2251   Telephone
(678) 401-0398   Facsimile
ben@bkandylaw.com

/s/Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888

DeLONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN LLC
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150   Telephone
(404) 979-3157   Facsimile
benjamin@dcbflegal.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| RICHARD WARREN, and ) | |
| DONALD STUBBLEFIELD, ) | |
| Individually and On Behalf of All ) | |
| Others Similarly Situated, ) | CIVIL ACTION NO. |
| ) | |
| Plaintiffs, ) | JURY TRIAL DEMANDED |
| ) | |
| vs. ) | |
| ) | |
| HORIZON SATELLITES, INC. d/b/a ) | |
| HORIZON ENTERTAINMENT ) | |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local Rule 5.1 C, N.D. Ga.

/s/ Benjamin B. Kandy<br>
Benjamin B. Kandy<br>
Georgia Bar No. 765357

THE LAW OFFICE OF BENJAMIN B. KANDY LLC
534 Medlock Road, Suite 109
Decatur, Georgia 30030
Telephone: (678) 824-2251
Facsimile: (678) 401-0398
ben@bkandylaw.com